# Court of Appeals
# of the State of Georgia

ATLANTA,  July 20, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2468. LEVOSKI WILLIAMS v. THE STATE.**

In 2018, Levoski Williams entered guilty pleas in two underlying criminal cases, and the trial court sentenced him accordingly. In 2026, Williams filed a pro se motion for out-of-time appeal and for appointment of counsel in both cases, which the trial court dismissed in a single order. Williams then filed this direct appeal. We, however, lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), our Supreme Court determined that a trial court lacks authority to grant an out-of-time appeal and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which allows a defendant to seek out-of-time relief if the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, OCGA § 5-6-39.1(a)(1), or if the defendant had an out-of-time motion or appeal dismissed under *Cook*. OCGA § 5-6-39.1(b). Here, OCGA § 5-6-39.1 has no application as Williams neither filed his motion for leave to file an out-of-time appeal within 100 days from the expiration of the time period for filing an appeal nor had a prior motion or appeal dismissed under *Cook*.

As Williams has no right to an out-of-time appeal, this Court lacks jurisdiction to consider his appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  07/20/2026         *

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*